• B104
(Rev. 2/92)

## ADVERSARY PROCEEDING COVER SHEET
(Instructions on Reverse)

**03–9278**

ADVERSARY PROCEEDING NUMBER
(Court Use Only)

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Estate of William J. Wager | Michael K. Molen |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| R. Daniel Douglass, Esq.<br>R. Jay Pontrelli, Esq.<br>STITES & HARBISON, PLLC<br>303 Peachtree Street, NE<br>2800 SunTrust Plaza,<br>Atlanta, GA 30308   (404) 739-8800 | Wynn Pelham, Esq.<br>5 Hurrican Shoals - Suite A<br>Lawrenceville, GA 30045 |

PARTY (Check one box only)   G 1 U.S. PLAINTIFF   G 2 U.S. DEFENDANT   XX 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint to except debt for discharge and for entry of non-dischargeable judgment pursuant to 11 U.S.C. § 523 and to object to debtor's discharge pursuant to 11 U.S.C. § 727

## NATURE OF SUIT
(Check the one most appropriate box only.)

G 454 To recover money or property

G 435 To determine validity, priority, or extent of a lien or other interest in property

G 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property

G 424 To object to or to revoke a discharge 11 U.S.C. § 727

G 455 To revoke an order of confirmation of a Chap. 11, Chap. 12, or Chap. 13 Plan

XX 426 To determine the dischargeability of a debt 11 U.S.C. § 523

G 434 To obtain an injunction or other equitable relief

G 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan

G 456 To obtain a declaratory judgment relating to any of the foregoing causes of action

G 459 To determine a claim or cause of action removed to a bankruptcy court

G 498 Other (specify)

| ORIGIN OF PROCEEDINGS (Check one box only.) | XX 1 Original Proceeding | G 2 Removed Proceeding | G 4 Reinstated or Reopened | G 5 Transferred from Another Bankruptcy Court | G CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|

| DEMAND | NEAREST THOUSAND $ 68 | OTHER RELIEF SOUGHT | G JURY DEMAND |
|---|---|---|---|

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR<br>Michael K. Molen | BANKRUPTCY CASE NO.<br>03-67853-MHM | |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING<br>Northern | DIVISIONAL OFFICE<br>Atlanta | NAME OF JUDGE<br>Margaret H. Murphy |

## RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

| FILING FEE (Check one box only.) | XX FEE ATTACHED | G FEE NOT REQUIRED | G FEE IS DEFERRED |
|---|---|---|---|

| DATE 9/2/03 | PRINT NAME R. Daniel Douglass | SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|---|---|

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERKS OFF.
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA

03 SEP -2 PM 4: 05

In re:

MICHAEL K. MOLEN,

   Debtor.

Case No. 03-67853-MHM  Y YVONNE E VANS
Chapter 7     CLERK
Judge Murphy   BY_____

ESTATE OF WILLIAM WAGER,

   Plaintiff,

v.

MICHAEL K. MOLEN,

   Defendant.

Adversary Proceeding
No. **03-9278**

## COMPLAINT TO EXCEPT DEBT FROM DISCHARGE AND FOR ENTRY OF NON-DISCHARGEABLE JUDGMENT PURSUANT TO 11 U.S.C. § 523 AND TO OBJECT TO DEBTOR'S DISCHARGE PURSUANT TO 11 U.S.C. § 727

In support of the relief sought herein, PLAINTIFF ESTATE OF WILLIAM WAGER ("Wager") states as follows:

### JURISDICTION

1. Jurisdiction to adjudicate this matter is vested in this Court pursuant to 28 U.S.C. § 1334, and this adversary proceeding is properly before this Honorable Court pursuant to 28 U.S.C. § 157(a) and Administrative Order 28-11. This action is a core proceeding as designated by 28 U.S.C. §§ 157(b)(2)(I) and 157(b)(2)(J).

2. This Court has fixed September 8, 2003 as the last day to file a complaint to object to discharge of the Debtor under 11 U.S.C. § 727 and to determine dischargeability of debt under 11 U.S.C. § 523. Therefore, this Complaint has been filed in a timely manner.

WA151:000WA:69744:ATLANTA

## PARTIES

3.     MICHAEL K. MOLEN ("Molen" or "Debtor") is an individual resident of the State of Georgia who is subject to the jurisdiction and venue of this Court. Molen filed a Petition for Bankruptcy under Chapter 7 of the United States Bankruptcy Code in this Court on June 3, 2003.

4.     WILLIAM WAGER, deceased, was a resident of New York.   THOMAS WAGER, Executor of the ESTATE OF WILLIAM WAGER (hereinafter "Wager"), is a resident of New York.

## FACTS

5.     In May 1994, Molen obtained funds from Wager and signed a written promissory note in the amount of $40,000.00, ostensibly secured by stock in an entity known as Wilmington Wireless, Inc. and to be paid on or before June 30, 1994.

6.     Molen never paid the promissory note or provided any stock in Wilmington Wireless, Inc.  Upon information and belief, Molen had no intention of paying the promissory note at the time it was given to Mr. Wager.

7.     As a result of Molen's failure and refusal to pay the promissory note, Wager was forced to file suit against Molen in the Gwinnett County Superior Court and obtained a judgment in the principal amount of $40,000.00 plus prejudgment and post-judgment interest. The amount of the judgment, including accrued post-judgment interest, through August 31, 2003 is $67,605.37. Post-judgment interest continues to run at the per diem rate of $13.15.

8.     Subsequently, Molen failed to respond to post-judgment discovery and the Gwinnett County Superior Court entered an Order directing Molen to attend a deposition and respond fully to post-judgment discovery.

9.      In his February 2002 deposition, Molen testified under oath that he had no active bank accounts in his name and that all accounts were closed.  Subsequent third-party discovery revealed that Molen had at least one active account at Wachovia Bank at the time of his deposition, and that he maintained at least two active accounts at Wachovia Bank between November 2001 and February 2003 into which he deposited more than $270,000.00, a number of these deposits consisting of wire transfers from other accounts.

10.      Molen lives in a large house on Mansions Parkway in Duluth, Georgia and testified under oath in his deposition that he did not own any interest in the house and merely paid rent.  Subsequent third-party discovery has revealed that Molen and his company, Sanswire, Inc., provided more than $100,000.00 to the owner of record to acquire equity and reduce the mortgage on the property, and that Molen pays "rent" in the form of the mortgage payments directly to the mortgage company and property tax payments on the property.  On information and belief, the house is part of a sham transaction intended to defraud Molen's creditors.

11.      In his deposition, Molen testified under oath that he received no income from his company, Sanswire, Inc. or any of the related Sanswire entities.  Subsequent discovery has revealed that Molen has received large sums of money from Sanswire companies, which Molen apparently characterizes as "loans," and that company funds have been routinely used to pay Molen's personal debts and expenses.  Molen has never produced any loan documents, and it is believed that the "loans" are part of a sham transaction intended to defraud Molen's creditors.

12.      In the petition filed with this Court, Molen represented that he owned no real property, despite the foregoing facts relating to the house on Mansions Parkway in Duluth, Georgia, where Molen has lived for a number of years.

13.     In the petition filed with this Court, Molen claimed that he had no secured creditors, despite the fact that Molen purportedly provided security for the loans from Wager, Mr. Peter Campbell and possibly other creditors listed in the petition.

14.     In the petition filed with this Court, Molen claimed that he had no income whatsoever for the years 2001, 2002 or 2003, despite the fact that he admits paying at least $5,000.00 per month in living expenses for the entire time and despite having received large sums of money from his companies and apparently from other sources.

15.     In the petition filed with this Court, Molen claims to have no bank accounts, despite evidence that he deposited (then withdrew) more than $270,000.00 of funds into personal bank accounts at Wachovia Bank between November 2001 and February 2003.

16.     On April 30, 2003, and as a result of Molen's post-judgment misconduct in connection with the Gwinnett County action, Wager filed a Motion for a Finding of Contempt, Incarceration of Defendant, Sanctions and Court Order Regarding Post-Judgment Discovery and Brief in Support Thereof.  A hearing on Wager's Motion was scheduled before the Honorable Richard T. Winegarden for June 17, 2003.  At the eleventh hour, Molen filed his bankruptcy petition.

17.     On information and belief, the impending contempt hearing precipitated Molen's bankruptcy filing.  Wager's contempt Motion chronicles in great detail Molen's misconduct and fraud.  A true and correct copy of Wager's Motion, including all referenced exhibits, is attached hereto as Exhibit "A," and incorporated herein.  Wager intends to pursue his contempt Motion before Judge Winegarden once permitted to do so by this Honorable Court.

## COUNT I
**OBJECTION TO DEBTOR'S DISCHARGE PURSUANT TO 11 U.S.C. § 523(a)(2)(A)**

18.     Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 through 17 above.

19.     Molen obtained money from Wager by false pretenses, false representations and actual fraud and has avoided paying the debt through continued false pretenses, false representations and continuing actual fraud.

20.     Molen's actions constitute grounds for excepting this debt from discharge under 11 U.S.C. § 523(a)(2)(A).

## COUNT II
**OBJECTION TO DEBTOR'S DISCHARGE PURSUANT TO 11 U.S.C. § 523(a)(6)**

21.     Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 through 17 above.

22.     Molen's actions resulted in a willful and malicious injury to Wager and his property.

23.     Molen's actions constitute grounds for excepting this debt from discharge under 11 U.S.C. § 523(a)(6).

## COUNT III
**OBJECTION TO DEBTOR'S DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(2)**

24.     Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 through 17 above.

25.     Molen, with intent to hinder, delay or defraud Plaintiff and other creditors and the Bankruptcy Trustee, has concealed property of the Debtor within one year prior to filing the petition with this Court and property with the estate after the date of filing the petition with this Court.

26.      Molen's actions constitute grounds for denying the Debtor a discharge pursuant to 11 U.S.C. § 727(a)(2).

## COUNT IV
## OBJECTION TO DEBTOR'S DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(3)

27.      Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 through 17 above.

28.      Molen has concealed, falsified or failed to keep records from which the Debtor's financial condition or business transactions might be ascertained, and such actions are not justified under the circumstances of this case.

29.      Molen's actions constitute grounds for denying the Debtor a discharge under 11 U.S.C. § 727(a)(3).

## COUNT V
## OBJECTION TO DEBTOR'S DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(4)

30.      Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 through 17 above.

31.      Upon information and belief, Molen has knowingly and fraudulently made a false oath or account, or withheld information, from the Bankruptcy Trustee in or in connection with this case.

32.      Molen's actions constitute grounds for denying the Debtor a discharge pursuant to 11 U.S.C. § 727(a)(4).

## PRAYER FOR RELIEF

NOW THEREFORE, Plaintiff Wager requests that this Court enter an order denying Defendant Molen a discharge, excepting the debts owed by Defendant Molen to Plaintiff Wager from discharge, granting a non-dischargeable judgment in favor of Wager against Molen in the amount of $67,605.37 through August 31, 2003, plus post-judgment interest thereafter at the per

diem rate of $13.15, plus attorneys' fees and costs, and granting such other and further relief as the Court deems just and proper.

Respectfully submitted this 2nd day of September 2003.

R. Daniel Douglass
Georgia Bar No. 227490
P. Jay Pontrelli
Georgia Bar No. 583513

**STITES & HARBISON, PLLC**                    Attorneys for Plaintiff Estate of William Wager
303 Peachtree Street, NE
2800 SunTrust Plaza
Atlanta, GA 30308-3252
Telephone:  (404) 739-8800
Facsimile:   (404) 739-8870

## CERTIFICATE OF SERVICE

This certifies that the undersigned has served a true and correct copy of the foregoing

COMPLAINT TO EXCEPT DEBT FROM DISCHARGE AND FOR ENTRY OF NON-

DISCHARGEABLE JUDGMENT PURSUANT TO 11 U.S.C. § 523 AND TO OBJECT TO

DEBTOR'S DISCHARGE PURSUANT TO 11 U.S.C. § 727 upon opposing counsel via first

class United States Mail, proper postage affixed thereto, and addressed as follows:

Wynn Pelham, Esq.                         Office Of The United States Trustee
5 Hurricane Shoals – Suite A              75 Spring Street, SW – Suite 362
Lawrenceville, GA 30045                   Atlanta, GA 30303

Michael Kent Molen
3610 Mansions Parkway
Duluth, GA 30096

This 2nd day of September 2003.

_____
R. Daniel Douglass
Georgia Bar No. 227490
P. Jay Pontrelli
Georgia Bar No. 583513

**STITES & HARBISON, PLLC**          Attorneys for Plaintiff Estate of William Wager
303 Peachtree Street, NE
2800 SunTrust Plaza
Atlanta, GA 30308-3252
Telephone:  (404) 739-8800
Facsimile:   (404) 739-8870

WA151:000WA:69744:ATLANTA

U. S. BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

# 01036634 - NM
September 2, 2003

| Code | Case No | Qty | Amount | By |
|------|---------|-----|--------|-----|
| AD   | 03-09278 |     | $150.00 | CK |

  Judge  - Margaret H. Murphy
  Debtor - M. K. MOLEN

TOTAL:                    $150.00

FROM: STITES & HARBISON
      3350 RIVERWOOD PKY. STE 1700
      RIVERWOOD 100 BLD - 770-850-7068
      ATLANTA, GA. 30339

# CLERK'S NOTICE:

**Attachments to this document are voluminous. This document along with the attachments are located with verified documents and may be viewed in the Clerk's Office.**