ENTERED ON DOCKET
3/30/04

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 7 |
| ) | |
| MICHAEL KENT MOLEN ) | CASE NO. 03-67853-MHM |
| ) | |
| Debtor ) | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | |
| ) | |
| ESTATE OF WILLIAM J. WAGER ) | |
| ) | **ADVERSARY PROCEEDING** |
| Plaintiff ) | **NO. 03-9278** |
| ) | |
| v. ) | |
| ) | |
| MICHAEL K. MOLEN ) | |
| ) | **O R D E R** |
| Defendant ) | |

This matter arose on the Motion for Sanctions and Supporting Memorandum of Law filed by Estate of William J. Wager ("Plaintiff") December 2, 2003. Defendant Michael K. Molen ("Defendant") failed to respond to Plaintiff's Motion. Hearing was held February 10, 2004, at which were present attorneys for Plaintiff, Defendant, Peter J. Campbell, and the Chapter 7 Trustee. Debtor did not appear.

Plaintiff timely filed its complaint September 2, 2003 to except Defendant's debt to Plaintiff from discharge pursuant to 11 U.S.C. §523 and to deny Defendant a discharge pursuant to 11 U.S.C. §727, to which Defendant filed a general denial answer September 25, 2003. Plaintiff seeks to except from discharge the debt arising from Plaintiff's judgment against Defendant in the Gwinnett County Superior Court in Civil Action No. 0-A-01956-55 (the "Gwinnett action").

An Order and Notice was entered October 30, 2003, directing the parties to confer in a good faith effort to settle the case, to file a joint statement certifying that a settlement conference was held, and to appear at a status conference. Defendant failed to comply with October 30, 2003 order. A supplemental Order and Notice was entered November 20, 2003, directing the parties to conduct a settlement conference, file a joint statement, and appear at a status conference January 5, 2004. Defendant failed to comply with the November 20, 2003 order, failed to appear at the status conference, failed to notify the plaintiff or the court of his intention not to appear, failed to request a continuance, failed to seek a protective order, and failed to provide an excuse for his nonappearance.

Prior to the dates scheduled for the status conferences referenced above, Plaintiff served Defendant with a deposition notice, scheduling his deposition for November 24, 2003, and requesting Defendant to bring certain documents to the deposition. Defendant failed to appear for his deposition, failed to produce the requested documents, failed to provide any prior notice or reason for his non-appearance, and failed to seek a protective order or file any objection to the notice.

In addition to Defendant's misconduct in this adversary proceeding, Defendant also failed to comply with the rules of discovery and the orders of this court in the related adversary proceeding of *Peter J. Campbell v. Michael Kent Molen*, Adversary Proceeding No. 03-6478, another adversary proceeding arising out of Defendant's bankruptcy. In that proceeding, defendant failed to respond to written discovery and failed to attend the status conference scheduled by the court, and failed to seek a protective order or file any objections to the discovery requests.

Finally, in the Gwinnett action, Defendant had also refused to comply with rules of discovery and orders of the Superior Court. Defendant defaulted in agreed payments, failed to answer postjudgment discovery, failed to sit for his postjudgment deposition, and failed to appear at a hearing scheduled by the Superior Court. Plaintiff's motion in the Gwinnett Action to hold Defendant in contempt was pending and a hearing on the contempt motion was scheduled but not held because Defendant filed his voluntary Chapter 7 petition.

The evidence presented at the hearing on Plaintiff's motion for sanctions demonstrates an obstruction of discovery and willful abuse of the judicial process that justifies and requires imposition of sanctions. Bankruptcy Rule 7037, which incorporates Fed.R.Civ.P. 37, provides:

> (d) Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection. If a party...fails: (1) to appear before the officer who is to take the deposition, after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule.

Fed.R.Civ.P. 37(d). Actions authorized under Fed.R.Civ.P. 37(b)(2)(C) include striking pleadings and rendering a judgment by default against the disobedient party.

Defendant has intentionally refused to comply with discovery rules and court orders necessary for the proper progress of this proceeding. Defendant's conduct appears to be a continuation of his conduct in the prior litigation between the parties and in related litigation with other creditors in this Court and in the Gwinnett County Superior Court. Dismissal or default judgment may be imposed as sanctions for failure to comply with discovery requests and failure to obey discovery and scheduling orders of the court. *Malautea v. Suzuki Motor Co. Ltd.*, 987 F.2d 1536 (11th Cir.), *cert. denied*, 510 U.S. 863, (1993); *Sheftelman v. Standard*

3

*Metals Corp.*, 839 F.2d 1383 (10th Cir. 1987), *cert. dism'd.*, 488 U.S. 881 (1989); *Visioneering Construction & Development Co. v. U.S. Fidelity & Guaranty,* 661 F.2d 119 (9th Cir. Ariz. 1981). Debtor's conduct in three separate judicial proceedings shows a continued contumacy sufficient to permit an inference that Defendant is acting willfully and in bad faith, which justifies the imposition of the severe sanction of entry of a default judgment. *See Malautea*, 987 F.2d 1537, *citing, Navarro v. Cohan,* 856 F.2d 141 (11th Cir. 1988). Accordingly, it is hereby

ORDERED, that Plaintiff'S Motion for Sanctions is GRANTED: Defendant's Answer to Plaintiff's Complaint in this above Adversary Proceeding is *stricken* and judgment for Plaintiff is *granted*.

(1) Plaintiff's claim against Defendant, arising from a judgment of the Gwinnett County Superior Court in Civil Action No. 00-A-01956-5, in the amount of $67,605.37 as of August 21, 2003, plus post-judgment interest at the per diem rate of $13.15, is nondischargeable under 11 U.S.C. §523;

(2) Defendant is denied a discharge pursuant to 11 U.S.C. §727; and

(3) Plaintiff is awarded reasonable attorney's fees and costs in the amount of $3,600.00 against Defendant.

IT IS SO ORDERED, this the 30th day of March, 2004.

_____
MARGARET H. MURPHY
UNITED STATES BANKRUPTCY JUDGE