ENTERED ON
DEC 0 6 2004
DOCKET

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| MICHAEL KENT MOLEN | ) | CASE NO. 03-67853-MHM |
| | ) | |
| Debtor | ) | |

| | | |
|---|---|---|
| | ) | |
| ESTATE OF WILLIAM J. WAGER | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | **ADVERSARY PROCEEDING** |
| | ) | **NO. 03-9278** |
| MICHAEL KENT MOLEN | ) | |
| | ) | |
| Defendant | ) | |

**ORDER REGARDING DEBTOR'S MOTION TO SET ASIDE**

Before the court is the motion of Debtor/Defendant, who is proceeding *pro se*, to set aside the order entered March 30, 2004 (the "Order"), denying Debtor's discharge, determining Plaintiff's claim against Debtor is nondischargeable, and imposing sanctions against Debtor. Plaintiff filed an extremely brief response to Debtor's motion.[1]

---

[1] Plaintiff's response, which was filed November 19, 2004, was filed in conjunction with a Motion For Leave to File an Out of Time Response to Debtor's Motion to Set Aside Order Entered March 30, 2004. Although Plaintiff requests denial of Debtor's motion "to the extent it seeks reversal" of the Order, Plaintiff offers little legal or factual argument to support its request. Plaintiff's only factual argument is:

> After [Plaintiff] received the Court's March 30, 2004 Order, [Plaintiff] and Debtor settled their underlying dispute. Upon settlement, [Plaintiff] did not believe it had to do anything more in this case.

The settlement of the underlying action would appear to have little to do with whether Debtor is entitled to relief on his motion to set aside the Order. *See Archer v. Warner,* 538 U.S. 314, 123 S.Ct. 1462 (2003).

The allegations of Debtor's motions are not sufficiently fully developed to allow a ruling without further hearing, especially as Debtor is proceeding without benefit of counsel. Most of Debtor's allegations appear to rest upon the failure of his former counsel to properly represent him. Attorney negligence rarely warrants relief from judgment. *Kellogg v. Schreiber*, 197 F. 3d 1116 (11th Cir. 1999).

The Order, however, was not entered following an examination of the merits of Plaintiff's complaint, but instead was entered as a result of Defendant's contumacious failures to comply with pretrial and discovery rules and orders.

> Denial of a discharge in bankruptcy is a creditor's remedy of such sharply punitive permanence that it is reserved for the truly pernicious debtor. Only where there is a preconceived scheme to thwart the rights of creditors and the process of this court, or such a cavalier disregard of duty as to constitute the legal equivalent of those motives, is the discharge withheld.

*In re Brame,* 23 B.R. 196, 200 (Bankr. W.D. Ky. 1982). If the failures to comply with pretrial and discovery rules and orders were the result of the conduct of Debtor's *attorney* rather that of Debtor himself, Debtor may be entitled to seek determination of Plaintiff's claims on their merits. Additionally, Debtor alleges the judgment upon which Plaintiff's claim is based has been satisfied and attaches a copy of the writ of *fieri facias* marked "paid in full."[2] Payment in full would appear to render the portion of the order regarding dischargeability moot. Accordingly, it is hereby

ORDERED that a hearing on Debtor's motion to set aside the order entered March 30, 2004, will be held at **2:00 p**.m. on **January 19**, 200**5**, in Courtroom 1204, U.S. Courthouse, 75 Spring Street, Atlanta, Georgia.

---

[2] Although satisfaction of the debt which has been held nondischargeable would effectively moot that portion of the Order, it would have no effect on the validity of the denial of Debtor's discharge.

2

**The Clerk, U.S. Bankruptcy Court, is directed to serve** a copy of this order upon Plaintiff's attorney, Defendant's attorney, and the Chapter 7 Trustee.

IT IS SO ORDERED, this the 6th day of December, 2004.

_____
MARGARET H. MURPHY
UNITED STATES BANKRUPTCY JUDGE